Per Curiam.

In this action, petitioner bases his right to release on the ground that the state failed to appoint counsel to act in his behalf until after he had pleaded not guilty to the indictment. It is urged that failure to appoint counsel prior to that time denied petitioner due process of law.
Petitioner breaks his argument into many facets, but it ultimately breaks down into two principal questions.
First, did the failure to appoint counsel during petitioner’s interrogation and preliminary hearing constitute a denial of due process ?
Second, did the failure to appoint counsel prior to the time petitioner pleaded to the indictment, but only after such time, constitute a denial of due process?
Petitioner does not contend that any statements obtained from him between the time of his arrest and the time counsel was appointed to act in his behalf were used against him at his trial.
Proceedings prior to arraignment are not critical steps in the Ohio judicial process. Therefore, the failure to appoint counsel prior to the time petitioner entered his plea of not guilty to the indictment did not affect the validity of his conviction. See United States, ex rel. Cooper, v. Reincke, 333 F. (2d), 608. Counsel was appointed after the plea and represented him at his trial. After such appointment, under the law of Ohio, the indictment may be attacked by motion or demurrer, and the former plea may, upon motion, be withdrawn. Dean v. Maxwell, Warden, 174 Ohio St., 193; Everhart v. Maxwell, Warden, 175 Ohio St., 514. The petitioner by the appointment of counsel was placed in the same position he occupied prior to the time he entered his plea.

Petitioner remanded to custody.

Taft, C. J., Zimmerman, Matthias, O’Neill., Griffith, Herbert and Gibson, JJ., concur.